```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

HAILEE DESOUZA,                    :
                                   :
    Plaintiff,                     :
                                   :
    v.                             :     CASE NO. 3:07cv1508(RNC)
                                   :
VELOCITY EXPRESS LEASING NEW,      :
ENGLAND, INC.,                     :
                                   :
    Defendant.                     :

<u>RULING ON DISCOVERY MOTIONS</u>

The plaintiff, Hailee Desouza, proceeding <u>pro se</u>, brings this employment discrimination action against the defendant, Velocity Express Leasing New England, Inc.  Pending before the court are the plaintiff's motions to compel.  (Doc. ##64, 65.)  Having considered the arguments made during oral argument and in the parties' papers, the motions are granted in part and denied in part as set forth below.

I.  <u>Background</u>

The plaintiff's complaint alleges the following:  The plaintiff, an African American, owns a truck and is a truck driver. (Doc. #40, Am. Compl. ¶¶4, 6.)  In 2004, he was hired by the defendant in its East Hartford, Connecticut location to perform some delivery jobs. (Am. Compl. ¶¶5-6.)  The plaintiff reported to Steve Murphy ("Murphy"), who is white.  (<u>Id.</u>)  The plaintiff was paid less than white drivers. (Am. Compl. ¶7.)  When the plaintiff brought this to Murphy's attention, Murphy refused to discuss it and accused the plaintiff of "playing the race card."  (<u>Id.</u>)

Thereafter, the plaintiff was "rarely given any delivery work." (Id.) During the spring of 2005, the plaintiff tried on several occasions to be hired by the defendant. (Am. Compl. ¶8.) Although the defendant had available positions, Murphy refused to give the plaintiff an application and reminded the plaintiff that he had "used the 'race card.'" (Id.) The plaintiff last sought employment from the defendant on July 15, 2005. (Am. Compl. ¶9.) Again, Murphy refused to give the plaintiff an application and to hire him even though the company was advertising that it was hiring drivers. (Id.) Murphy reiterated that the plaintiff had "used the race card." (Id.) The plaintiff's complaint alleges that the defendant discriminated against him on the basis of race and retaliated against him for complaining about the discrimination in violation of Title VII (count 1) and discriminated against him in violation of 42 U.S.C. § 1981 (count 2).

II. <u>Plaintiff's motion to compel responses to interrogatories and requests for production</u>

Interrogatories 1 and 2 seek insurance information. The defendant responded to the requests that there is no insurance. The plaintiff argues that the court must compel the defendant to provide the requested information. A motion to compel is proper if the responding party does not answer discovery requests or provides answers that are incomplete or evasive or otherwise inadequate. 7 James Wm. Moore et al., Moore's Federal Practice § 37.03 (3d ed. 2007). The motion to compel responses is denied as moot because

the defendant answered the requests.  See 8A Charles Alan Wright et al., Federal Practice and Procedure § 2285 at 642 (2d. ed. 1994) ("A motion to compel answers becomes moot if the answers have been filed.")  The defendant is reminded of its obligation under the federal rules to supplement its response in the event it learns that its response is incorrect or incomplete.

As to the remaining interrogatories and requests for production, the defendant objects on the grounds that the requests are vague, ambiguous and unduly burdensome.  These objections are overruled because the requests are neither vague nor ambiguous and the defendant has not demonstrated that they are unduly burdensome. "Under well-settled law, the party resisting production bears the responsibility of establishing undue burden."  Michanczyk v. Metropolitan Life Ins. Co., No. 3:05CV1903, 2007 WL 926911, at *2 (D. Conn. Mar. 26, 2007).

As to interrogatory 3, which seeks information regarding certain of the defendant's drivers, the parties dispute the temporal scope of the request.  The plaintiff seeks information from 2003 to the present.  The defendant objects and limited its production to a 3 month period in 2004 in which the plaintiff provided services to the defendant.  The request is granted as to 2004 and 2005, which encompasses the period of time in which the plaintiff sought employment from the defendant.

Interrogatory 4 is denied as moot in light of the parties'

representation on the record during oral argument that they resolved the issue.

Requests for Production 1 and 3 are denied as moot because the defendant responded to the requests.

Requests for Production 2 and 4 seek the personnel files of Steve Murphy and Kirk Gintner,[1] former employees of the defendant. The defendant produced responsive documents but redacted the social security numbers, dates of birth, addresses and drivers license numbers pursuant to a "Confidentiality Stipulation Relating to Third Party Individuals" ("stipulation") the parties executed which provides that such information shall be redacted. (Doc. #69, ex. E, ¶9(b).) The defendant subsequently produced addresses for Murphy and Gintner (doc. #69, ex. H) but declines to disclose the remainder of the information.

The plaintiff argues that he needs Murphy and Gintner's social security numbers, dates of birth and drivers license numbers so he can perform a criminal background check on them. "Generally, '[p]arties may utilize discovery to obtain information for impeachment purposes.'" Bolia v. Mercury Print Productions, Inc., No. 02-CV-6510T, 2004 WL 2526407, at *2 (W.D.N.Y. Oct. 28, 2004).

---

[1] Oddly, it appears that the defendant knew this individual as Winston Clarke. Clarke, however, was known by another name – that of Kirk Gintner. In response to the plaintiff's request for production for the personnel file of Kirk Ginter, the defendant stated that "it has produced the personnel file of Winston Clarke whom it believes went by the name of Kirk Ginter." (Doc. #69, ex. D.)

4

Balancing the privacy interests of the third parties against the plaintiff's need for disclosure, the request is granted in part. The defendant shall disclose Murphy and Gintner's dates of birth and the last four digits of their social security numbers. The plaintiff is reminded of the stipulation and its prohibition against misusing confidential information. See Stip. at ¶3.

The dispute as to Request for Production 5, which seeks wage information for the defendant's drivers, is as to temporal scope of the request. The defendant produced responsive information for the 3 month period in 2004 in which the plaintiff provided services to the defendant and contends that information beyond that timeframe is not relevant. During oral argument, the plaintiff narrowed the time period to January 2004 through January 2006. The request is granted as to 2004 and 2005, which encompasses the period of time in which the plaintiff sought employment from the defendant.

Request for Production 6 seeks specific types of records for the defendant's drivers. The defendant responded that it is unable to locate the particular records requested. It produced driver daily summaries and settlement reports which contain the same information (although in a different form) for the 3 month period in 2004. During oral argument, the plaintiff narrowed the time period to January 2004 through January 2005. The request, as modified by the plaintiff, is granted. If, after a diligent search, the defendant is unable to locate the specific types of

5

documents set forth in the request, it shall (1) so state and provide a verified, written response regarding their search and (2) produce the driver daily summaries and settlement reports in lieu thereof.

Request for Production 9 is granted.

Request for Production 11, as modified by the plaintiff on the record during oral argument to January 2004 through January 2005, and to Charles Mensah and Eagle Delivery Services, is granted.

Request for Production 12 is granted.

Request for Production 13 is withdrawn at the request of the moving party in light of the court's ruling as to request for production 6.

The dispute as to Supplemental Request for Production dated July 9, 2008 and interrogatory 9, which seek prior lawsuits, is as to temporal and geographic scope. Interrogatory 9 seeks prior lawsuits regarding claims of "unjust [sic], unfairness, discriminations, retaliations and civil rights violations, etc." The plaintiff's supplemental request for production seeks prior lawsuits within the past 10 years nationwide regarding "wrongful or misclassification" of employees or independent contractors; "civil rights violations and human rights violations of discrimination, retaliations, unjust [sic], unfairness, etc." The defendant limited its response to claims of "unjust [sic], unfairness, discriminations, retaliations and civil rights violations" in

Connecticut for the past 5 years. (Doc. #65 at 5.) The defendant objects to the scope of the requests, arguing that lawsuits in other states and lawsuits involving the misclassification of independent contractors are not relevant and that the time period is overly broad. During oral argument, the plaintiff clarified that he is seeking lawsuits with the same allegations as those in his lawsuit. The plaintiff's complaint asserts that he was discriminated against on the basis of his race and retaliated against for complaining about discrimination. Claims alleging the same type of discrimination or retaliation can be relevant. White v. United States Catholic Conference, No. CIV.A.97-1253, 1998 WL 429842, at *5 (D.D.C. May 22, 1998)(Evidence of other acts of the same type of discrimination or retaliation can be probative of motive or intent). Generally, however, "[o]ther claims of discrimination against a defendant are discoverable if limited to the same form of discrimination . . . and if limited to a reasonable time . . . ." Mitchell v. National Railroad Passenger Corp., 208 F.R.D. 455, 460 (D.D.C. 2002). See White, 1998 WL 429842, at *5 ("only discrimination or retaliation of the same character and type as that is alleged is probative"). The plaintiff's complaint does not allege that he was misclassified as an independent contractor rather than an employee. Therefore, his request for lawsuits alleging misclassification of independent employees is denied as is his request for nationwide information for the past 10 years. See Williams v. Johanns, 245 F.R.D. 10, 13

(D.D.C. 2007)(limiting plaintiff's request for lawsuits filed in the past 10 years to the past 5 years); Glenn v. Williams, 209 F.R.D. 279, 282 (D.D.C. 2002) (plaintiff's request for discrimination claims for past 10 years overbroad); Obiajulu v. City of Rochester, 166 F.R.D. 293 (W.D.N.Y. 1996) (disallowing company-wide discovery). Interrogatory 9 and the supplemental request for production are granted insofar as they seek lawsuits filed in Connecticut in the past 5 years alleging racial discrimination and retaliation. The defendant shall provide the caption of the case, docket number, jurisdiction and shall indicate whether it is pending or resolved.

III. Conclusion

For these reasons, the plaintiff's motions to compel (doc. ##64, 65) are granted in part and denied in part.

SO ORDERED at Hartford, Connecticut this 26th day of February, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge